**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1404-22

GEORGANNE YOUNGCLAUS,

    Plaintiff-Appellant,

v.

RESIDENTIAL HOME FUNDING
CORP., its agents, servants and/or
employees, TOM MARINARO,
ROBERTO LUPI, and FRANK KURI,

    Defendants-Respondents.

_____

Submitted February 26, 2024 – Decided March 5, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0402-22.

Law Offices of Rosemarie Arnold, attorneys for appellant (William R. Stoltz, Crystal Elaine Dozier, and Paige R. Butler, on the briefs).

Carmagnola & Ritardi, LLC, attorneys for respondents Residential Home Funding Corp., Roberto Lupi, and Frank Kuri (Domenick Carmagnola, of counsel and on the brief; Stephanie Torres, on the brief).

Fox Rothschild, LLP, attorneys for respondent Tom Marinaro (Kenneth Aaron Rosenberg, of counsel and on the brief; Sara Hale Bernstein, on the brief).

PER CURIAM

Plaintiff Georganne Youngclaus appeals from two November 28, 2022 orders dismissing her complaint against defendants Residential Home Funding Corp. (RHFC), Tom Marinaro, Robert Lupi, and Frank Kuri for failure to state a claim. We reverse and remand for the reasons expressed in this opinion.

RHFC is a mortgage lending firm. In May 2016, plaintiff was hired by RHFC as a marketing manager and director of marketing. Marinaro owned RHFC, Lupi was the company CEO, and Kuri the vice president of branch development.

In September 2021, plaintiff sued defendants, alleging: gender discrimination and sexual harassment under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-12; emotional distress; and a per quod claim on behalf of her husband. The complaint set forth twenty-one instances of alleged discrimination that took place between 2016 and 2020. In January 2022, the trial court granted defendants' motion to dismiss the complaint for failure to state a claim because the allegations were time barred under the LAD's

two-year statute of limitations. The court's order noted the dismissal was without prejudice.

On March 4, 2022, plaintiff filed a second lawsuit. Her complaint contained one count alleging gender discrimination, sexual harassment, and wrongful termination. The complaint alleged twenty-five acts of discrimination, including all the acts asserted in her first complaint in greater detail, and added that the discrimination culminated in her wrongful termination on July 20, 2020. The allegation related to plaintiff's termination read as follows:

> On or about July 20, 2020, [p]laintiff was wrongfully terminated by . . . [RHFC] due to her female gender, to wit: while [p]laintiff was on maternity leave, the company relocated from Morris County . . . to White Plains, New York. Since that was very far from [p]laintiff's home, she asked to work remotely like the similarly situated male employees of the company were permitted to do. Plaintiff was informed that she would not be permitted to work from home and was abruptly, wrongfully terminated.

Defendants moved to dismiss for failure to state a claim based on the statute of limitations, and argued the lawsuit was barred by the entire controversy doctrine.

Following oral argument, the trial court issued the November 2022 orders and a written opinion dismissing the complaint with prejudice. The court rejected defendants' entire controversy doctrine argument. However, it held plaintiff had not alleged sufficient facts occurring within the statute of

A-1404-22

limitations because, although she had alleged "one or more discrete acts of discriminatory conduct . . . throughout her employment . . . [she did] not provide specific incidents, but rather repeats that the conduct happened 'on occasions too numerous to list,' or occurred, 'constantly and continuously.'"

The court noted this was the same deficiency it had highlighted when it dismissed the original complaint. It reasoned plaintiff's assertion the discrimination "happened 'on several occasions' or 'on occasions too numerous to list' is not sufficient to assess whether the continuing violation doctrine applies. Particularly, there is no identifiable 'allegedly discriminatory act' within the statutory period." Rather, the second complaint "simply extended the time period within which these 'continuous' allegations occurred so that they now have an end-date of July 20, 2020. In the [o]riginal [c]omplaint, the timelines for these claims ended such that each claim took place outside the statutory period." Plaintiff's complaint was barred because "all identifiable acts occurred outside the statutory period." Moreover, citing Roa v. Roa, 200 N.J. 555, 564 (2010), the court ruled plaintiff's termination was a discrete act and not a continuing violation. Therefore, it was "immaterial" whether her claims were based on discrete acts or the continuing violation doctrine.

4

I.

Rule 4:6-2(e) motions to dismiss for failure to state a claim are reviewed de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). We utilize the same standard as the trial court and "examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). We review the adequacy of a pleading to determine "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). "[I]f the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Dimitrakopoulos, 237 N.J. at 107.

On appeal, plaintiff argues the trial court applied a higher standard than the liberal one required by Rule 4:6-2(e). She asserts the court should not have dismissed the complaint because the wrongful termination by itself was well within the two-year statute of limitations, considering her complaint was filed on March 4, 2022. Plaintiff also claims her termination was part of a continuing

5

violation, which brought the events preceding it within the statute of limitations, because the termination was a part of a pattern of discriminatory conduct.[1]

A wrongful termination claim accrues on the date that an employee is terminated. Holmin v. TRW, Inc., 330 N.J. Super. 30, 46 (App. Div. 2000). To establish a prima facie case for wrongful termination, a plaintiff must show: "(1) [they are] a member of a protected class; (2) [they were] performing [their] job at a level that met [defendant's] legitimate expectations; (3) [they were] terminated; and (4) [they were] terminated under circumstances that give rise to an inference of unlawful discrimination." Young v. Hobart W. Grp., 385 N.J. Super. 448, 463 (App. Div. 2005).

"To state a claim for hostile work environment sexual harassment, a . . . plaintiff must allege conduct that occurred because of [their] sex and that a reasonable [person] would consider sufficiently severe or pervasive to alter the conditions of employment and create an intimidating, hostile, or offensive working environment." Lehmann v. Toys 'R' Us, 132 N.J. 587, 603 (1993). A

---

[1] Both parties raise arguments regarding the entire controversy doctrine and plaintiff further asserts defendants are liable as supervisors for aiding and abetting others in discriminating against her. We decline to address either argument because the trial court's ruling is not based on them. Moreover, we do not need to reach the aiding and abetting argument to decide this appeal, and defendants have not cross-appealed from the court's entire controversy ruling.

6

plaintiff must "show that the complained-of conduct (1) would not have occurred but for the employee's protected status, and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive." Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 24 (2002) (citing Lehmann, 132 N.J. at 603-04).

The statute of limitations for LAD claims is two years. Montells v. Haynes, 133 N.J. 282, 292 (1993). However, "a judicially created doctrine known as the continuing violation theory has developed as an equitable exception to the statute of limitations" for LAD claims. Bolinger v. Bell Atl., 330 N.J. Super. 300, 306 (App. Div. 2000). The doctrine provides that when an individual experiences a "continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases." Wilson v. Wal-Mart Stores, 158 N.J. 263, 272 (1999). The continuous and cumulative nature of the conduct is what makes it actionable. Ibid.

In Roa, our Supreme Court proscribed a plaintiff's ability to revive time-barred discrete acts under a continuing violation theory. 200 N.J. at 561. There, the plaintiff alleged two discrete discriminatory acts: (1) wrongful termination that occurred outside of the statute of limitations; and (2) post-discharge

7

retaliation that fell withing the statute of limitations. Id. at 565. The plaintiff argued the retaliation was a continuing violation that revived his time-barred claim of wrongful termination. Ibid.

The Court rejected this argument and held "individually actionable allegations cannot be aggregated" under the LAD. Id. at 567 (quoting O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006)). The Court explained,

> the continuing violation theory was developed to allow for the aggregation of acts, each of which, in itself, might not have alerted the employee of the existence of a claim, but which together show a pattern of discrimination. In those circumstances, the last act is said to sweep in otherwise untimely prior non-discrete acts.
>
> [Id. at 569.]

The Court concluded the plaintiff could not use the timely filing of the claim for post-discharge retaliation to revive the time-barred claim for wrongful termination. Id. at 570. However, he could pursue the retaliation claim because it was not time barred. Id. at 576. Moreover, the Court held the time-barred claims could be relevant in the underlying suit as "evidence of other 'wrongs' to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute.'" Ibid. (quoting N.J.R.E. 404(b)).

A-1404-22

Pursuant to these principles and viewing plaintiff's claims, as we must, through the liberal lens of Rule 4:6-2(e), we conclude the wrongful termination action should have survived dismissal because it was clearly not time barred. This claim qualified as a discrete alleged act of discrimination under LAD, which states: "It shall be an unlawful employment practice . . . [f]or an employer, because of the . . . sex . . . of any individual . . . to discharge . . . from employment such individual . . . ." N.J.S.A. 10:5-12(a). Moreover, pursuant to Roa, the other acts of discrimination preceding plaintiff's termination, which the court ruled were time barred, are potentially relevant under N.J.R.E. 404(b).

Furthermore, we reverse the trial court's rulings the acts preceding the alleged wrongful termination qualified as discrete acts, rather than a continuing violation. Without repeating each allegation, we note the alleged conduct directed at plaintiff, including: demeaning, abusive, and coarse language and conduct; sexual advances and innuendo; gender stereotypes; retaliation; and unequal treatment based on plaintiff's gender. We need not declare whether these acts are discrete or a continuing violation, except to note that given the liberal standard we must apply at this juncture, plaintiff's complaint pled a plausible basis for a continuing violation. Indeed, each of the pre-termination acts, if proved, would constitute a pattern of sexual harassment and gender

9

discrimination that was severe or pervasive, and created a hostile or abusive work environment.

It appears to us that the trial court, having previously dismissed plaintiff's first complaint as time barred, continued to separate the pre-termination acts from the termination itself, accepting defendants' claims plaintiff's second complaint was an attempt to resuscitate the first one. However, the wrongful termination claim was a substantial event, and we are unconvinced it was merely a means to bootstrap plaintiff's time barred discrimination claims. Whether the pre-termination claims are discrete and therefore barred, or part of a continuing violation, is a matter that should abide discovery and further motion practice.

For these reasons, we reverse and remand both November 28, 2022 orders. To the extent we have not addressed an argument raised on the appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION